IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
                                )
IN RE                           )
                                )
CDX GAS, LLC, ET AL.,           )   CASE NO. 08-37922-H3-11
                                )
        Debtors,                )   JOINTLY ADMINISTERED
                                )
```

MEMORANDUM OPINION

The court has held a hearing on the "Amended Motion of Nan Rial Otoupal, Leah Rial, and Rebecca Harris to Modify Stay to Permit State Court to Determine Motion to Seal Court Records" (Docket No. 116). The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

CDX Gas, LLC and seventeen of its affiliates ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on December 12, 2008. The cases were jointly administered and designated as a complex Chapter 11 case by orders entered December 15, 2008.

In the instant motion, Nan Rial Otoupal, Leah Rial, and Rebecca Harris ("Movants") seek relief from stay to permit the

162nd Judicial District Court of Dallas County, Texas to address several motions to seal portions of the record in Cause No. 05-08747-1.

Information as to the precise nature of the relief sought in the suit pending in the 162nd Judicial District Court of Dallas County, Texas is not before this court.[1]  Counsel for Movants argued that Movants intervened in that suit, in order to seek to prevent the sealing of the records.  Movants assert that they are the daughters of Monty Rial, a previous owner of Debtors, and have commenced a suit separate from that pending in the 162nd Judicial District Court of Dallas County, Texas seeking distributions from Monty Rial's probate estate.  Movants argue that, after a lengthy evidentiary hearing and seven months under advisement, the 162nd Judicial District Court of Dallas County, Texas was prepared to rule on several pending motions to seal the record, on the date of filing of the petitions in the instant Chapter 11 cases.

The motion is opposed by Debtors, Genesis Partners GP, LLC ("Genesis"), and MR Exploration Ventures, LLC ("MR").  Debtors, MR, and Genesis assert that the ruling of the state court may cause public disclosure of confidential information

---

[1]Counsel for MR Exploration Ventures, LLC, a current shareholder in Debtors, argued that the suit pending in the 162nd Judicial District Court of Dallas County, Texas relates disclosures incident to the negotiation of the purchase and sale of Debtors to their present shareholders.

which would give an advantage to Debtors' competitors.  Debtors also oppose the motion on the grounds of the cost of litigation. In the alternative to denial of the motion, Debtors, Genesis, and MR all seek entry of an order permitting the state court to enter its order, and permitting any appeal to proceed to a final judgment, but before such a final judgment is executed, the parties will return to this court to seek further relief from stay in order to execute such a final judgment.

The evidence presented on the instant motion consists of copies of motions to seal, filed in the state court, a series of emails between counsel addressing their beliefs as to whether the automatic stay applies and whether the state court was prepared to rule, a partial transcript of the state court hearing on the motion to seal, and a business records affidavit purporting to authenticate five pages from a "Membership Interest Purchase Agreement" which, on its face, appears to exceed 84 pages in length.

The partial transcript of the state court hearing contains testimony of Alice Lochridge, stating that she is an officer and director of Debtors, and stating that documents attached to a motion for summary judgment filed in the state court include bank account numbers and tax ID numbers for entities that hold the bank accounts, consolidated financial statements for Debtors, information regarding Debtors' reserves,

accounting practices, and salary and bonus compensation.

## Conclusions of Law

Section 362(d)(1) of the Bankruptcy Code provides for the terminating, annulling, modifying, or conditioning the automatic stay, for cause.  11 U.S.C. § 362(d)(1).

The party requesting relief from the stay has the burden of proof on the issue of the debtor's equity in property.  The party opposing relief has the burden of proof as to all other issues.  11 U.S.C. § 362(g).

What constitutes "cause" for the lifting of the stay pursuant to Section 362(d)(1) is not defined in the Bankruptcy Code.  Whether cause exists must be determined on a case by case basis based on an examination of the totality of circumstances.  In re Trident Assoc. L.P., 52 F.3d 127 (6th Cir. 1995); Claughton v. Mixson, 33 F.3d 4 (4th Cir. 1994); In re Tucson Estates, Inc., 912 F.2d 1162 (9th Cir. 1990).

In determining whether to lift the automatic stay to allow litigation against a debtor to proceed outside this court, the court should consider whether lifting the stay will result in any great prejudice to the debtor or the bankruptcy estate, whether any hardship to a nondebtor of continuation of the stay outweighs any hardship to debtor, and whether the creditor has a probability of prevailing on the merits of the case.  In re Namazi,  106 B.R. 93 (Bankr. E.D. Va. 1989).

In the instant case, the potential hardship to Movants, Debtors, and the objectors can be balanced by modification of the stay to permit the state court to rule, and to allow the parties to pursue any appeals to the entry of a final judgment.  In reaching its result, this court has considered the interests of Debtors in protecting information Debtors believe confidential, the fact that Debtors are not publicly traded, the duty of Debtors to disclose pertinent financial information in the instant case, the progress of the litigation before the state court, and the nature of the interests asserted by Movants.  The remainder of the relief requested should await further motion once a judgment becomes final.

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on February 5, 2009.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

5