

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED 02/13/2009**

| | |
|---|---|
| IN RE | ) ) ) |
| CDX GAS, LLC, ET AL., | ) CASE NO. 08-37922-H3-11 ) |
| Debtor, | ) ) ) |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion for an Order Authorizing the Debtors to Retain and Employ Professionals Utilized in the Ordinary Course of Business" (Docket No. 108). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion without prejudice. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

CDX Gas, LLC and seventeen of its affiliates ("Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code on December 12, 2008. The cases were jointly administered and designated as a complex Chapter 11 case by orders entered December 15, 2008.

In the instant motion, Debtors seek authority to employ "professionals utilized by the Debtors in the ordinary course of

business...without the submission of separate employment applications and the issuance of separate retention orders for each individual professional." Debtors seek relief under Sections 105, 327(a), 328, and 330 of the Bankruptcy Code, in order to avoid the expense of applying separately for employment of each professional.

Debtors did not identify in the instant motion what individuals are covered by the instant motion, or the services they are to render, except to state that they "provide services to the Debtors in a variety of discrete matters essential to the Debtors' ongoing operations, but not directly related to administration of the Debtors' respective bankruptcy estates (e.g. accounting and title work, Railroad Commission and other regulatory compliance, corporate securities legal work and similar services)."[1] (Docket No. 108, at p. 13).

Debtors are seeking to employ and pay these entities in the ordinary course of business, unless the amount exceeds $15,000 in a three month period. If the amount exceeds $15,000, then Debtors anticipate filing an additional motion seeking retroactive approval.

Ed Donahue, the chief financial officer of all of the Debtors except CDX Acquisition Company, LLC, testified that the

---

[1] The court notes that Debtors explicitly excluded "various engineers, geophysicists, landmen, and similar service providers." (Docket No. 108, at p. 13).

2

professionals covered by the motion are eight to ten entities. He testified that one of the entities is an accounting firm working on a sales tax refund. He testified that the others include attorneys working on litigation matters and title work.

## Conclusions of Law

In the instant motion, Debtors seek approval of the employment of professionals, without disclosing the identity of those professionals. Debtors also seek approval of the compensation terms of the unidentified professionals, without disclosing the compensation terms of the unidentified professionals.

Under Section 1107(a) of the Bankruptcy Code, with exceptions not pertinent to the instant motion, a Chapter 11 debtor in possession exercises the powers of a trustee.

Section 327(a) of the Bankruptcy Code provides in pertinent part that the trustee, with the court's approval, may employ attorneys, accountants, appraisers, auctioneers, or other professional persons "to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

Section 327(b) of the Bankruptcy Code provides in pertinent part that if the trustee is authorized to operate the business of the debtor, and if the debtor has regularly employed attorneys, accountants, or other professional persons on salary,

the trustee may retain or replace such professional persons if necessary in the operation of the business. 11 U.S.C. § 327(b).

Section 328(a) of the Bankruptcy Code provides that the court may approve the terms of compensation, such that the compensation may be altered only if the terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms in conditions. In re Barron, 225 F.3d 583 (5th Cir. 2000).

To implement these statutory provisions, the Bankruptcy Rules require that an application to employ professionals under Section 327 of the Bankruptcy Code state, inter alia, the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, and any proposed arrangement for compensation. BR 2014(a).

The broad power granted to the bankruptcy court in Section 105(a) of the Bankruptcy Code must be exercised consistent with the other provisions of the Bankruptcy Code. In re Oxford Mgmt., Inc., 4 F.3d 1329 (5th Cir. 1993) citing U.S. v. Sutton, 786 F.2d 1305 (5th Cir. 1986).

It is not clear from the description of services identified in the instant motion, or from Donahue's testimony, whether the professionals are performing services "to represent or assist the trustee in carrying out the trustee's duties under

this title." There is no evidence on the question of whether any of the professionals were regularly employed on salary, such that Section 327(b) would apply. For services other than those described in Section 327(a) and Section 327(b), Debtors' ability to employ professionals is governed by Section 363 of the Bankruptcy Code. Under that section, the court may approve the expenditure of estate funds, to the extent the employment of the professionals is not in the ordinary course of Debtors' business. The instant motion is moot as to such services.

As to any services which fit within Section 327(a), Debtors must comply with Bankruptcy Rule 2014. Although it appears that the rule in <u>Oxford Mgmt.</u> does not prohibit the court from determining, in appropriate circumstances, that a party should be relieved from compliance with the Bankruptcy Rules, the circumstances presented with respect to the instant motion do not support such an exercise of power under Section 105 of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered denying the instant motion without prejudice.

Signed at Houston, Texas on February 13, 2009.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE