IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: | § |
| | § |
| CDX Gas, LLC, *et al.* [1] | § CASE NO. 08-37922 |
| | § |
| | § (Chapter 11) |
| DEBTORS. | § (Jointly Administered) |

## MOTION TO REJECT EXECUTORY CONTRACT BETWEEN
## CDX GAS, LLC AND DOMINION FIELD SERVICES, INC.

A HEARING WILL BE CONDUCTED ON THIS MATTER ON MARCH 17, 2009 AT 10:30 A.M. IN COURTROOM 401, 515 RUSK STREET, HOUSTON, TEXAS 77002.

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 23 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.

TO THE HONORABLE LETITIA Z. CLARK,
UNITED STATES BANKRUPTCY JUDGE:

---

[1] The Debtors are: (1) CD Exploration, LLC, (2) CDX Acquisition Company, LLC, (3) CDX Barnett, LLC, (4) CDX Bishop Creek, LLC, (5) CDX East, LLC, (6) CDX Gas International, LLC, (7) CDX Gas, LLC, (8) CDX Isolate, LLC, (9) CDX Minerals, LLC, (10) CDX North America, LLC, (11) CDX Operating, LLC, (12) CDX Panther, LLC, (13) CDX Plum Creek, JV, (14) CDX Sequoya, LLC, (15) CDX Services, LLC, (16) CDX Shale, LLC, (17) CDX Tapicito, LLC, and (18) CMV Joint Venture.

CDX Gas, LLC, and its affiliated debtor entities, as debtors and debtors in possession (collectively, the "Debtors" or the "Company"), by and through their undersigned counsel, hereby file this *Motion to Reject Executory Contract Between CDX Gas, LLC and Dominion Field Services, Inc.* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## PROCEDURAL BACKGROUND[2]

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On December 12, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned cases (the "Cases").

4. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108. No official committee of creditors has been appointed in these Cases.

## FACTUAL BACKGROUND

5. CDX Gas, LLC ("CDX Gas") is party to an executory contract with Dominion Field Services, Inc. ("Dominion") evidenced by that certain Natural Gas Purchase Confirmation (DFS K #2006-00-0037) dated September 22, 2005 (the "Executory Contract"), a copy of which is attached hereto as **Exhibit "A."**

---

[2] The factual background of the Debtors' business and the circumstances precipitating the filing of the Cases has been previously set forth in detail. Please refer to the Debtors' prior motion filed at docket number 5 for a company overview including the company's corporate structure, assets and operations, management and employees, financial performance and debt obligations.

6. Upon a review of the Executory Contract, CDX Gas has determined, in the exercise of its business judgment, that the Executory Contract should be rejected.

## RELIEF REQUESTED

7. The Debtors have determined that they will not need the capacity services relating to the Executory Contract as of March 1, 2009; and therefore, they have determined that the rejection of the Executory Contract will avoid unnecessary and burdensome administrative claims against their estates that could be asserted. Pursuant to Bankruptcy Code § 365, the Debtors have determined, in their business judgment, that it is in their best interest, and that of their estates, to reject the Executory Contracts as of March 1, 2009.

8. The Debtors believe, in their business judgment, that rejecting the Executory Contract is in their best interest, and that of their estates, because of the cost of the firm capacity associated with the Executory Contract. Pursuant to the terms of the Executory Contract, Dominion is charging CDX Gas $0.85 per dekatherm for the capacity on the Columbia Transmission KA-20 pipeline. The actual value of this capacity is $0.22 per dekatherm, and if CDX Gas were to release the capacity into the market on a cash basis, the capacity would be worth $0.30 in the spot market. Additionally, production is declining such that CDX Gas is unable to meet its firm sales commitment to Dominion for 5,000 dekatherms per day through March 31, 2011.

9. By this Motion, the Debtors request entry of an order pursuant to Bankruptcy Code § 365 authorizing and approving the rejection of the Executory Contract as of March 1, 2009.

10. Bankruptcy Code § 365 provides that the Debtors, "subject to the Court's approval, may assume or reject any executory contract and unexpired lease of the debtor." 11

U.S.C. § 365(a). A debtor operating its business pursuant to Bankruptcy Code §§ 1107 and 1108 must use reasonable judgment in ordinary business matters in its determination of whether to reject executory contracts and unexpired leases.

11.   Bankruptcy Code § 365 does not provide a standard for determining when a debtor's rejection of an executory contract or unexpired lease is appropriate. *In re Monarch Tool & Manufacturing Co.*, 114 B.R. 134 (Bankr. S.D. Ohio 1990). However, most courts acknowledge that the business judgment standard should be applied to determine "whether to authorize the rejection of executory contracts and unexpired leases." *In re Federated Department Stores, Inc.*, 131 B.R. 808, 811 (Bankr. S.D. Ohio 1991) (citing, *N.L.R.B. v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) and *Group of Investors v. Chicago, Milwaukee, St. Paul & Pacific Railroad Co.*, 318 U.S. 523 (1943)). As one court stated:

> [A] bankruptcy court ... need determine only ... whether disaffirmance would be advantageous to the debtor. The burden or hardship which rejection would impose on other parties to such a contract *is not* a factor to be weighed by the bankruptcy court in ruling upon the debtor's application.

*Borman's, Inc. v. Allied Supermarkets, Inc.*, 706 F.2d 187, 189 (6th Cir.) (dicta), *cert. denied*, 464 U.S. 908 (1983) (emphasis added). Therefore, the Debtors may reject any executory contract or unexpired lease provided that they determine, in their business judgment, that rejection would be advantageous to them.

12.   The Debtors have determined, in their business judgment, that the Executory Contract will no longer be necessary to their operations or to effect successful reorganizations of their businesses. The Debtors believe that rejecting the Executory Contract is in their best interest, and that of their estates, because of the cost of the firm capacity associated with the Executory Contract. Dominion is charging CDX Gas $0.85 per dekatherm for the capacity on

the Columbia Transmission KA-20 pipeline. The actual value of this capacity is $0.22 per dekatherm, and if CDX Gas were to release the capacity into the market on a cash basis, the capacity would be worth $0.30 in the spot market. Additionally, production is declining such that CDX Gas is unable to meet its firm sales commitment to Dominion for 5,000 dekatherms per day through March 31, 2011. The failure to reject the Executory Contract could result in the incurrence of unnecessary expense.

13. Under the circumstances, it is appropriate to reject the Executory Contract retroactive to March 1, 2009. As courts of equity, bankruptcy courts are authorized to grant retroactive rejection of an executory contract pursuant to Bankruptcy Code §§ 105(a) and 365(a). *See, Thinking Machines Corp. v. Mellon Fin. Serv. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995); *In re CCI Wireless, Inc.*, 297 B.R. 133, 140 (D. Colo. 2003); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N. D. Tex. 1996). The final gas purchase day for Dominion will be February 28, 2009. Prior to such date, the Debtors shall provide notice of their proposed rejection to Dominion to allow Dominion to locate an alternative counterparty. Accordingly, equity justifies rejection as of March 1, 2009.

14. As such, the Debtors request that the Court authorize the rejection of the Executory Contract as of March 1, 2009. The Executory Contract is no longer necessary for the continued operation of the Debtors' businesses and does not benefit any of the Debtors' estates.

## PRAYER

WHEREFORE, the Debtors respectfully request that the Court enter an Order in the form attached hereto (a) authorizing the rejection of the Executory Contract as of March 1, 2009 and (b) allowing Dominion to have 30 days from the date an Order is entered granting the relief

requested herein to file any claims arising from the rejection of the Executory Contract. The Debtors also request such other and further relief to which they may be justly entitled.

Dated February 17, 2009

                    Respectfully submitted,

                    **VINSON & ELKINS LLP**

                    By:    /s/ *John Mitchell*
                            Harry Perrin, SBT #1579800
                            John E. West, SBT #21202500
                            First City Tower
                            1001 Fannin Street, Suite 2500
                            Houston, TX 77002-6760
                            Tel: 713.758.2222
                            Fax: 713.758.2346
                            hperrin@velaw.com
                            jwest@velaw.com

                    and

                    John E. Mitchell, SBT #00797095
                    Michaela C. Crocker, SBT #24031985
                    Trammell Crow Center
                    2001 Ross Avenue, Suite 3700
                    Dallas, Texas 75201
                    Tel: 214.220.7700
                    Fax: 214.999.7787
                    jmitchell@velaw.com
                    mcrocker@velaw.com

                    **ATTORNEYS FOR THE DEBTORS**



# DOMINION FIELD SERVICES, INC.

Natural Gas Purchase Confirmation

New

DFS K #2006-00-0037

This Confirmation is a "Firm" obligation, consistent with the General Terms and Conditions set forth in the Master Gas Contract between Buyer and Seller which are incorporated herein by reference (Contract #DFS-CDXGAS01).

BUYER:   Dominion Field Services
SELLER:  CDX Gas, LLC

1. Primary Term:       April 1, 2006 through March 31, 2011

2. Quantity:           Approximately 5,000 Dth per day

   a. For the period **April 1, 2006 through October 31, 2006** the volume is **up to 5,000 Dth per day** (at Seller's discretion).

   For the period **November 1, 2006 through March 31, 2011** the volume is a **firm 5,000 Dth per day**, and is considered "first through the meter".

3. Pipeline:           TCO (Columbia Gas) - PL

4. Delivery Point(s):  Wolf Pen Meter; meter number to be determined

5. Price:              100% Inside FERC Gas Market Report (Columbia Gas Transmission Corp. Appalachia) less $0.85 per Dth

   a. Seller is responsible for any fees and shrinkage pursuant to Articles 3.4 and 4.1(c) of the Master Gas Contract.

6. Notes:              Payment Made via ACH Transfer

If this description is contrary to our verbal agreement, please notify Buyer by the close of the 5th Business Day following receipt. Your failure to notify Buyer of any such contrary understanding by such time constitutes your confirmation of the transaction as described above.

**SELLER**
CDX Gas, LLC
5485 Beltline Road
Suite 190
Dallas, TX 75254-7672
(972) 692-1494
(972) 852-0488 (Fax)

By: _____
    Vice President
Tax ID or SSN: 75-2740450

Nucleus Deal#: 389132
Trade Date: 09/22/2005

**BUYER**
Dominion Field Services, Inc.
2539 Washington Road
Suite 1010
Upper St. Clair, PA 15241
(412) 854-5010
(412) 854-5056 (Fax)

By: _____
Title: Vice President
Date: 9/22/05

**EXHIBIT A**