IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 09-32137 |
| | § | |
| CDX RIO, LLC | § | |
| | § | CHAPTER 11 |
| *Debtor* | § | (Jointly administered |
| | § | under Case No. 08-37922) |

**LIMITED OBJECTION OF BP AMERICA PRODUCTION COMPANY
TO DISCLOSURE STATEMENT FILED BY CDX RIO, LLC**

**NOW INTO COURT**, through undersigned counsel, comes BP America Production Company ("BP"), through its undersigned counsel, and files this Limited Objection ("Limited Objection") to the Disclosure Statement filed by Debtor CDX Rio, LLC ("CDX Rio") on April 24, 2009 (the "Disclosure Statement"), filed along with a proposed Plan of Reorganization ("Plan"), stating as follows:

**I. SUMMARY OF LIMITED OBJECTION**

BP has two limited objections to the Disclosure Statement.

- The Disclosure Statement does not provide sufficient information for creditors to understand the scope of the Plan's release provisions which may reach certain third-party non-debtors.

- The Disclosure Statement does not provide sufficient detail regarding whether and how the Reorganized Debtor will discharge certain environmental and plugging and abandonment obligations for which CDX Rio is liable (and which the Reorganized Debtor is expressly assuming).

**II. BACKGROUND**

BP is a predecessor-in-interest to CDX Rio's right, title, and interest to certain mineral leases in the San Juan basin of New Mexico (the "Leases") which BP understands constitute the

1

bulk of CDX Rio's assets. BP sold its interests in the Leases to CDX Rio pursuant to an April 17, 2003 Purchase and Sale Agreement ("PSA") which is referred to in Section 1.03 of the Disclosure Statement. As a part of that transaction, BP bargained for and received a December 17, 2003 guaranty from CDX Rio's affiliate EPG Partners, LLC (the "Guaranty") which secured all of CDX Rio's obligations under the PSA. CDX Rio has specifically indicated its intent to assume the PSA by including the PSA in the list of executory contracts to be assumed in the Plan of Reorganization proposed by CDX Rio.[1]

The Leases, which are located in New Mexico on federal (tribal) land, are subject to numerous regulatory and environmental requirements imposed under law. Among those requirements are newly revised requirements under New Mexico law that apply to tanks, pits, and other oilfield equipment located at oil and gas wells. *See* N.M. Admin. Code 19.15.17 (known as the "Pit Rule"). Specifically, these revised requirements may require interest owners to make significant changes to their tanks and other oilfield equipment to comply with the new regulations effective June, 2008.

In addition, the Leases will eventually be subject to certain provisions of law which will require the interest owner to undertake certain activities to properly plug and abandon the wells located at the Leases (the "P&A" obligations). *See, e.g.*, N.M. Stat. §70-2-12(B)(1) and N.M. Admin. Code 19.15.25.

In the event that the owner of record does not properly comply with environmental and regulatory requirements (including P&A obligations and the Pit Rule), the regulatory authority

---

[1] The PSA is included—as the very first contract listed—in the list of Material Contracts included as Exhibit A, part 5 to the Subscription Agreement. [*See* Docket #557] In the event that CDX Rio removes the PSA from the list of Material Contracts or otherwise indicates an intent not to fully assume the PSA, BP reserves the right to object and augment the arguments made herein.

may attempt to pursue predecessors-in-interest (including BP) to seek enforcement and satisfaction of these requirements.

In connection with the transfer of interests from BP to CDX Rio, the PSA sets forth specific rights and obligations between BP and CDX Rio (the "<u>Transfer Obligations</u>").  These Transfer Obligations include (among other obligations) the assumption by CDX Rio of "sole responsibility for … plugging and abandonment of all wells and facilities associated" with the Leases. (PSA, §12.5)  The Transfer Obligations also include CDX Rio's release and indemnification of BP from claims based on breach of environmental regulations such as the Pit Rule. (PSA, §8.4, 8.5, 8.7)

### III. <u>APPLICABLE LAW</u>

Section 1125 of the Bankruptcy Code requires that a Disclosure Statement contain "adequate information."  The adequacy of information contained in a disclosure statement necessarily turns on the facts and circumstances of each case, *Eubanks v. Federal Dep. Ins. Corp.*, 977 F.2d 166, 169 n. 2 (5th Cir. 1992) (collecting authorities), and the determination is largely within the discretion of the bankruptcy court. *Matter of Tx. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988).

### IV. <u>BP'S LIMITED OBJECTIONS</u>

#### A. <u>Inadequate Information to Determine Scope of Plan Releases</u>

The Plan contains certain provisions (Sections 12.06 through 12.09) which purport to grant releases and exculpations to, and to generally prevent creditors from pursuing, certain parties defined as "Protected Parties" and "Released Parties."  Such parties are defined to include "affiliates" of the Debtors. (Plan, §1.02(6),(93),(95))  These provisions are ambiguous and BP is concerned that these provisions may be broad enough to provide a release of the Guaranty (which was provided by a non-debtor party).

The Disclosure Statement only addresses these provisions in general terms (§ 3.07), and BP requests that the Diclosure Statement be amended to state with more specificity the intended scope of the releases and exculpations, and specifically whether such provisions are intended to cover EPG Partners, LLC and its Guaranty with BP.

### B. Plan Provisions Addressing P&A Obligations and Other Transfer Obligations

While CDX Rio has stated that it and the Reorganized Debtor will honor and assume the Transfer Obligations, the Disclosure Statement provides no information regarding whether CDX Rio is current in discharging its Transfer Obligations; therefore, BP has no information regarding whether these obligations have been discharged or whether the Reorganized Debtor will be sufficiently capitalized and situated to do so. Unfortunately, the Disclosure Statement and Plan does not provide BP with sufficient information to analyze this issue.

In general, the Disclosure Statement contains no information regarding the financial structure and available capital of the Reorganized Debtor entity to perform or accrue for all of the numerous obligations (including the Transfer Obligations) associated with the Leases. More specifically:

- The Disclosure Statement contains inadequate information regarding how the Reorganized Debtor propose to schedule and retire CDX Rio's P&A liabilities. (There is no discussion or mention of how this will take place). The Subscription Agreement attached to the Plan lists approximately 450 wells (*See* Subscription Agreement, Exhibit "A" thereto, part 2), each one of which will eventually need to be plugged and abandoned.

- The Disclosure Statement does not provide any information regarding the creditworthiness of EnerVest and the EnerVest entities that constitute the proposed buyer of CDX Rio, LLC under the Plan and Disclosure Statement. Such information would allow BP to better analyze whether the Reorganized Debtor may be able to satisfy the Transfer Obligations.

- The Disclosure Statement provides inadequate information regarding the estimated administrative claim class which must be paid in order to effectuate the

4

vesting of the Leases in the Reorganized Debtor. Specifically, there is no disclosure of anticipated P&A expenses for wells and facilities which are inactive and may need to be immediately plugged and abandoned. More fundamentally, there is no schedule included disclosing the wells that are currently inactive.

- The Disclosure Statement provides no information as to how (or if) the Reorganized Debtor plans to bring the wells and associated facilities located at the leases into compliance with the newly revised Pit Rule.

The above information is required in order for BP to properly evaluate the Plan and Disclosure Statement to determine whether it adequately provides for satisfaction of the P&A obligations, compliance with the Pit Rule, and other Transfer Obligations, if these obligations are not satisfied or accrued from the sale proceeds.

## V.   CONCLUSION

For the reasons stated above, and on the existing record, BP objects to certain provisions of the Disclosure Statement as discussed above and respectfully requests that CDX Rio provide sufficient information on the issues raised above.

**WHEREFORE**, BP respectfully requests that the Debtor CDX Rio, LLC's Disclosure Statement not be approved until it is reformed and amended in the manner requested herein.

Respectfully Submitted,

By: ___*/s/ Omer F. Kuebel, III*___
**Omer F. Kuebel, III (Tex. Federal ID #32595; La. #21682)**
**C. Davin Boldissar (La. #29094)**
**LOCKE LORD BISSELL & LIDDELL**
601 Poydras Street, Suite 2660
New Orleans, Louisiana 70130-6036
Telephone: (504) 558-5100
Fax: (504) 558-5200

        Philip G. Eisenberg
        State Bar No. 24033923
        600 Travis Street, Suite 3400
        Houston, Texas  77002
        Phone:  (713) 226-1200
        Fax:  (713) 223-3717

**COUNSEL FOR BP AMERICA PRODUCTION COMPANY**

133784v1 5/22/2009 3:56:25 PM1