

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|   |   |   |
|---|---|---|
| IN RE | ) | |
| | ) | |
| CDX GAS, LLC, | ) | CASE NO. 08-37922-h3-11 |
| | ) | |
| Debtors, | ) | (Jointly Administered) |
| | ) | |

MEMORANDUM OPINION

The court has held a hearing on the "Motion of the Debtors for an Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Sale of Certain Assets of the Estates to Dominion Exploration & Production, Inc.; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale; (C) Approving Notice Relating to The Sale; and (D) Granting Related Relief (Docket No. 543).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered denying the motion, without prejudice.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

CDX Gas, LLC and seventeen of its affiliates filed voluntary petitions under Chapter 11 of the Bankruptcy Code on

December 12, 2008.  The cases were jointly administered and designated as a complex Chapter 11 case by orders entered December 15, 2008.  Four additional affiliates filed voluntary petitions under Chapter 11 of the Bankruptcy Code on April 1, 2009.  An order entered on April 8, 2009 jointly administered the four cases filed April 1, 2009 with those filed on December 12, 2008.  Collectively, the eighteen cases filed on December 12, 2008 and the four cases filed on April 1, 2009 are identified as "Debtors."

In the instant motion, Debtors seek approval of a bid procedure for the sale of "certain assets of CDX Gas, LLC ('Gas') located in Boone, Fayette, and Raleigh Counties, West Virginia." Debtors request approval of a procedure under which, inter alia, all of the assets and CDX Gas's interests under several oil and gas operating and exploration agreements would be conveyed to the single highest bidder at an auction, based on a stalking horse bid of $4.9 million.

The assets to be sold are not identified in the instant motion, but rather are identified in a nine page exhibit to a 22 page attachment to a separate motion to sell (Docket No. 544).

Mike McCown, the chief financial officer of Debtors, testified that the property includes a 30% working interest in 15 wells, and a 1% overriding royalty interest in five additional wells.

McCown testified that the property addressed in the motion to sell is subject to the liens of Bank of Montreal, as agent, and Credit Suisse, as agent, in the approximate aggregate amount of $520 million.

McCown testified that Debtor's petroleum consultant, Ryder Scott, can value the wells on a per-well basis, in order to allocate portions of the purchase price to each well.

The motion to sell calls for sale free and clear of all liens, claims, and encumbrances. The motion to sell does not address the application of the sale proceeds to satisfy any liens. The proposed form of order attached to the motion to sell provides that the liens, to the extent not paid in full at closing, will attach "to the proceeds of the sale of the Assets, in the order of their priority, with the same validity, force and effect which they now have as against the Assets."

Pinpoint Drilling and Directional Services, LLC ("Pinpoint") asserts a properly perfected mechanic's lien in Well No. RLHC 320B, a well included in the motion to sell, "to secure the payment of at least $889,185 of Pinpoint's total claim of $1,444,980.50 for services provided to Debtor, CDX Gas, LLC." (Docket No 639). Pinpoint objects to the bid procedures on five grounds. First, Pinpoint asserts that, although the bid procedures require a bidder to purchase all of the assets,

allowing bids for a smaller group of assets would be beneficial to the estate.  Second, Pinpoint asserts that allowing the assets to be sold without allocating the purchase price to the specific assets to be sold deprives secured creditors of the protection of their collateral and their ability to credit bid.  Third, Pinpoint objects to the amount of a break-up fee payable to the stalking horse bidder if it is not the successful bidder.  Fourth, Pinpoint objects to a bidding deadline 22 days after the date of the hearing on the bid procedures.  Finally, Pinpoint objects on grounds the sale cannot be completed under Section 363(f) of the Bankruptcy Code.

## Conclusions of Law

Sale outside the ordinary course of business is governed by Section 363(b) of the Bankruptcy Code.  A sale can be approved if the debtor in possession can articulate a sound business justification for the proposed transaction.  However, a sale under Section 363(b) should not deny creditors the protection they would receive if the proposals were first raised in the reorganization plan.  In re Continental Airlines, 780 F.2d 1223 (5th Cir. 1986).

Sale free and clear of any interest in property of an entity other than the bankruptcy estate is governed by Section 363(f) of the Bankruptcy Code.  That section provides that the trustee may sell the property only if-

>   (1)   applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
>   (2)   such entity consents;
>
>   (3)   such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
>   (4)   such interest is in bona fide dispute; or
>
>   (5)   such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

In the motion to sell, Debtors contend that Sections 363(f)(2), 363(f)(3), and 363(f)(4) are met.  Debtors suggest that the court approve the bid procedures requested in the instant motion, and reserve until a hearing on approval of the motion to sell any issues regarding Section 363(f).  The court will nonetheless consider whether the sale could be approved, because the approval of bid procedures with respect to a sale which could not be approved would result in additional administrative expenses to the estate.

The motion to sell does not meet Section 363(f), with respect to the security interest of Pinpoint.  There is nothing to suggest a bona fide dispute with respect to Pinpoint's security interest.  Pinpoint does not consent to the sale.  The property Debtors are seeking to sell is subject to a lien far in excess of the stalking horse bid identified in the instant motion.

5

Moreover, the motion to sell does not satisfy Section 363(b). The proposed sale, without allocation of a portion of the purchase price to the well as to which Pinpoint asserts a lien, would extinguish Pinpoint's lien, and deprive it of the protections it would receive at confirmation of a Chapter 11 plan, including (presuming the plan would require a cramdown) the requirement that a plan be fair and equitable as to Pinpoint's lien.

Because the court has determined that the proposed sale does not satisfy Sections 363(b) and 363(f), the court will not approve the bid procedures proposed in the instant motion. The court does not reach the remainder of the questions presented by Pinpoint's objection. The court concludes that the instant motion should be denied, without prejudice to the filing of a motion seeking approval of bid procedures that accommodate the lien asserted by Pinpoint.

Based on the foregoing, a separate Judgment will be entered denying the "Motion of the Debtors for an Order (A) Approving Bidding Procedures and Bid Protections in Connection with the Sale of Certain Assets of the Estates to Dominion Exploration & Production, Inc.; (B) Scheduling an Auction and Hearing to Consider Approval of the Sale; (C) Approving Notice Relating to The Sale; and (D) Granting Related Relief (Docket No.

543), without prejudice.

Signed at Houston, Texas on June 9, 2009.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE