IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE ) | |
| ) | |
| CDX GAS, LLC, ) | CASE NO. 08-37922-H3-11 |
| ) | |
| Debtors, ) | (Jointly Administered) |
| ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "First Interim Application of Gardere Wynne Sewell LLP for Allowance of Fees and Expenses as Special Counsel to Debtors (December 12, 2008-March 31, 2009)" (Docket No. 524). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the instant application in part. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

CDX Gas, LLC and seventeen of its affiliates filed voluntary petitions under Chapter 11 of the Bankruptcy Code on December 12, 2008. The cases were jointly administered and designated as a complex Chapter 11 case by orders entered December 15, 2008. Four additional affiliates filed voluntary petitions under Chapter 11 of the Bankruptcy Code on April 1,

2009.  An order entered on April 8, 2009 jointly administered the four cases filed April 1, 2009 with those filed on December 12, 2008.  Collectively, the eighteen cases filed on December 12, 2008 and the four cases filed on April 1, 2009 are identified as "Debtors."

By order entered February 3, 2009, the court approved Debtors' application to employ Gardere Wynne Sewell LLP ("Gardere") "for the limited purpose of providing general oil & gas, corporate and conflicts advice" to Debtors.  Debtors' application to employ Gardere provides in pertinent part:

> Gardere will advise the Debtors on general oil & gas issues and corporate contract issues, including a review of the Debtors' executive employment agreements, and a review of the Debtors corporate capital structure with a focus on the debt covenants in the Debtors principal debt documents. Gardere will also serve as the Debtors conflicts counsel in instances where the Debtors' primary bankruptcy counsel, Vinson & Elkins LLP, is prohibited from representing the Debtors.

(Docket No. 106).

In the instant application, Gardere seeks allowance of $84,067.00 in fees, and $560.93 in expenses, for services rendered from the petition date through March 31, 2009.

The services described in the instant application include 31.9 hours of attorney and paralegal time billed on fee and employment applications, and 7.1 hours of attorney and paralegal time billed on fee and employment objections, for a total amount of $18,895.50.  This amount includes 8.9 hours of

2

time for Dierdre Ruckman, at $595 per hour, and 7.1 hours of time for Jerry DeVault, at $550 per hour, during the first week after the date of filing of the petition, addressing Gardere's internal conflicts check and preparing an affidavit for submission with the application to retain Gardere.  The total billed for this service is $9,200.50

Conclusions of Law

Section 331 of the Bankruptcy Code provides that the court may allow interim compensation "as is provided under Section 330" of the Bankruptcy Code.  11 U.S.C. § 331.

Section 330(a)(1) of the Bankruptcy Code provides for the allowance of "reasonable compensation for actual, necessary services rendered" by a professional.  11 U.S.C. § 330(a)(1).

Section 330(a)(3) of the Bankruptcy Code provides:

> (3) In determining the amount of reasonable
> compensation to be awarded to an examiner, trustee
> under chapter 11, or professional person, the court
> shall consider the nature, the extent, and the value of
> such services, taking into account all relevant
> factors, including–
>
>> (A)  the time spent on such services;
>> (B)  the rates charged for such services;
>> (C)  whether the services were necessary to the
>> administration of, or beneficial at the time at
>> which the service was rendered toward the
>> completion of, a case under this title;
>> (D)  whether the services were performed within a
>> reasonable amount of time commensurate with the
>> complexity, importance, and nature of the problem,
>> issue, or task addressed;
>> (E)  with respect to a professional person,
>> whether the person is board certified or otherwise
>> has demonstrated skill and experience in the

>     bankruptcy field; and
>     (F)  whether the compensation is reasonable based
>     on the customary compensation charged by
>     comparably skilled practitioners in cases other
>     than cases under this title.

11 U.S.C. § 330(a)(3).

In Rose Pass Mines, Inc. v. Howard (In re Rose Pass Mines, Inc.), 615 F.2d 1088 (5th Cir. 1980). the Fifth Circuit held that counsel should be entitled to reasonable compensation for preparation of fee applications and attendance at any necessary hearings.  In In re Sterling Chemicals Holdings, Inc., 293 B.R. 701 (Bankr. S.D. Tex. 2003), the court addressed the application of the rule in Rose Pass Mines to the allowance of fees for conflict checks:

>     [A]n ultimate client should not be charged for that
>     level of conflicts checking that is mandated by the
>     disciplinary rules as a condition of employment.  Once,
>     however, the level of involvement crosses over from a
>     conflicts check required by the Texas Disciplinary
>     Rules to that level of analysis and disclosure required
>     by the Bankruptcy Code and Rules, the activity becomes
>     compensable under the holding of Rose Pass Mines.

Sterling Chemicals, 293 B.R., at 704.

In the instant case, the time records presented by Gardere reflect that some of the work performed during the first week of the case goes both to the question of conflicts checking mandated by the disciplinary rules and the analysis and disclosure required by the Bankruptcy Code and Rules.  The court concludes that the fees should be reduced by $5,000, to reflect a reasonable fee for Gardere's internal conflicts check.  The court

4

concludes that the remainder of the fees and expenses sought in the instant application should be allowed.

Signed at Houston, Texas on June 9, 2009.

*[signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE