ENTERED
07/01/2009

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CDX Gas, LLC, *et al.* [1] | § | CASE NO. 08-37922 |
| | § | |
| | § | (Chapter 11) |
| DEBTORS. | § | (Jointly Administered) |

**ORDER APPROVING THE SALE OF ASSETS FREE AND CLEAR OF LIENS,
CLAIMS AND ENCUMBRANCES AND AUTHORIZING THE
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES TO CALERA GAS, LLC, CALERA GATHERING, LLC,
AND WALLACE ASSOCIATES II (Relates to Dkt. No. 644)**

Upon the *Motion for an Order Approving the Sale of Assets Free and Clear of Liens, Claims and Encumbrances and the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases to Calera Gas, LLC, Calera Gathering, LLC, and Wallace Associates II* (Dkt. No. 644, the "Sale Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"); and it appearing that proper and adequate notice of the Sale Motion has been given and that no other or further notice need be given; and a hearing on the Sale Motion having been held before this Court on June 23, 2009 (the "Sale Hearing"); and upon the record of the Sale Hearing; and due deliberations having been had; and sufficient cause appearing therefor; it is hereby

---

[1] The Debtors are: (1) CD Exploration, LLC, (2) CDX Acquisition Company, LLC, (3) CDX Barnett, LLC, (4) CDX Bishop Creek, LLC, (5) CDX East, LLC, (6) CDX Gas International, LLC, (7) CDX Gas, LLC, (8) CDX Isolate, LLC, (9) CDX Minerals, LLC, (10) CDX North America, LLC, (11) CDX Operating, LLC, (12) CDX Panther, LLC, (13) CDX Plum Creek, JV, (14) CDX Sequoya, LLC, (15) CDX Services, LLC, (16) CDX Shale, LLC, (17) CDX Tapicito, LLC, (18) CMV Joint Venture, (19) Arkoma Gathering, LLC, (20) Cahaba Gathering, LLC, (21) CDX Canada, Co., and (22) CDX Rio, LLC.

[2] Capitalized terms not otherwise defined herein shall have the meaning assigned to them in the Sale Motion.

Page 1 of 14

Dallas 1564941v.5

**FOUND AND DETERMINED THAT:**[3]

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested in the Sale Motion are section 105, 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

C. Good and sufficient notice of the relief sought in the Sale Motion has been given. No other or further notice of the request for the relief granted herein need be given.

D. A reasonable opportunity to object or to be heard with respect to the Sale Motion, the Sale Hearing, the sale of the Assets, the assumption and assignment of the Assumed Contracts, and the transactions contemplated therein has been afforded to all interested parties in accordance with the Bankruptcy Rules and Local Rules, including notice upon (i) all potential purchasers previously identified by Debtors and any additional parties who may have an interest in potentially acquiring the Assets; (ii) all other potentially interested parties identified by Debtors in their business judgment as a potential purchaser; (iii) the Office of the United States Trustee; (iv) counsel for the Proposed Purchaser, (v) counsel for (a) Bank of Montreal in its capacity as administrative agent under that certain First Lien Credit Agreement dated March 31, 2006, by and among CDX Acquisition Company, LLC and CDX Gas, LLC, as borrowers, and various financial institutions from time to time thereto (the "First Lien Agent") and (b) Credit Suisse in its capacity as administrative agent under that certain Second Lien Credit Agreement dated as of March 31, 2006, by and among, CDX Acquisition Company, LLC and CDX Gas,

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

LLC, as borrowers, and various financial institutions from time to time a party thereto (the "Second Lien Agent"); (vi) all parties who are known to possess or assert a lien, claim, encumbrance or interest in or upon any of the Assets; (vii) all applicable federal, state and local regulatory or taxing authorities, recording offices or any governmental entity which have a reasonably known interest in the relief requested in the Sale Motion; (viii) all parties on the most current master service list filed in the Cases; and (ix) all counterparties to executory contracts and unexpired leases identified in the Exchange (and Sale Motion) for assumption and assignment (the "Assumption Notice Parties").

    E.    Approval of the Exchange by and between Cahaba Gathering, LLC ("Cahaba"), CDX Bishop Creek, LLC ("Bishop Creek"), CDX Sequoya, LLC ("Sequoya"), CDX Gas, LLC ("Gas"), CD Exploration, LLC ("Exploration," and collectively with Cahaba, Bishop Creek, Sequoya and Gas, the "CDX Parties") and Calera Gas, LLC ("Calera Gas"), Calera Gathering, LLC ("Calera Gathering") and Wallace Associates II ("Wallace Associates," and collectively with Calera Gas and Calera Gathering, the "Proposed Purchaser"), the sale of the Assets and the assumption and assignment of the Assumed Contracts, in accordance with the Exchange, are in the best interests of the Debtors, their respective creditors and estates, and other parties in interest. A valid and sound business purpose exists for approval of the transactions contemplated by the Sale Motion pursuant to Bankruptcy Code § 363(b). The terms of the Exchange were negotiated at arms-length, in good faith, and are fair and reasonable.

    F.    In accordance with the Exchange, the CDX Parties are authorized and directed to sell and transfer the Assets free and clear of all liens, claims and encumbrances because, as required by Bankruptcy Code § 363(f): (a) applicable non-bankruptcy law permits the sale; (b) the party holding such lien or other encumbrance has consented to the sale; (c) any lien or

Dallas 1564941v.5

interest is in bona fide dispute; or (d) all parties asserting a lien on the Assets could be compelled to accept a money satisfaction of such liens in a legal or equitable proceeding pertaining thereto.

G. ~~The~~ ^(The parties represented that) Exchange, including all documents ancillary thereto, was negotiated, proposed and entered into by the parties in good faith, from arm's-length bargaining positions and without collusion. The Proposed Purchaser was not an "insider" or "affiliate" of the Debtors (as each such term is defined in the Bankruptcy Code). Neither the CDX Parties nor the Proposed Purchaser have engaged in any conduct that would prevent the application of Bankruptcy Code § 363(m) to the proposed sale and the transactions contemplated by the Exchange. The Proposed Purchaser is a good faith buyer under Bankruptcy Code § 363(m) and, as such, is entitled to the protections afforded thereby. The CDX Parties, and their respective estates, are receiving reasonably equivalent value pursuant to the terms of the Exchange.

H. The Proposed Purchaser has agreed to assume the Assumed Contracts. With respect to the Assumed Contracts: (a) there are no defaults under such Assumed Contracts and, as such, there are no sums due or owing on account of the Assumed Contracts under Bankruptcy Code §§ 365(b) or 365(f), including, without limitation, no amounts are necessary to cure any defaults or to pay any actual or pecuniary losses, or (b), to the extent there are defaults or sums due or owing on account of the Assumed Contracts, any and all amounts necessary to cure any defaults or to pay any actual or pecuniary losses will be paid (i) by the Debtors for any amount having accrued on or before the Closing Date (as defined in the Exchange) or (ii) by the Proposed Purchaser for any amount having accrued after the Closing Date.

I. Upon entry of this Order, (i) the CDX Parties have full corporate power and authority to execute the Exchange and all other documents contemplated thereby, (ii) the CDX Parties have all the corporate power and authority necessary to consummate the transactions

Dallas 1564941v.5

contemplated by the Exchange, (iii) the CDX Parties have taken all corporate action necessary to authorize and approve the Exchange and the consummation of the transactions contemplated thereby, and (iv) no consents or approvals, other than those expressly provided for in the Exchange, are required for the CDX Parties to consummate such transactions.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Sale Motion is hereby **GRANTED** in its entirety.

2. All objections to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled, including all reservations of rights included therein which are not otherwise provided for by this Order are overruled on the merits and in their entirety.

3. The terms and conditions of the Exchange are hereby approved in their entirety and are binding upon the parties thereto.

4. The sale of the Assets to the Proposed Purchaser pursuant to the Exchange is hereby authorized and approved under Bankruptcy Code § 363(b) and the entry of the CDX Parties into the Exchange in substantially the form attached hereto as **Exhibit "A"** is hereby approved.

5. The CDX Parties are authorized and directed to execute and deliver, and empowered to perform fully under, consummate and implement, the Exchange in substantially the form attached hereto as **Exhibit "A"**, together with all additional instruments and documents that may be reasonably necessary or desirable to implement such agreements, and to take all further actions as may be reasonably requested by the Proposed Purchaser for the purpose of assigning, transferring, and conferring to the Proposed Purchaser, or reducing to possession, any or all of the Assets, or as may be necessary or appropriate to the performance of the obligations

of the CDX Parties under the Exchange, including effectuating non-material amendments to the Exchange in furtherance thereof.

6.  Pursuant to Bankruptcy Code §§ 105(a), 363(b) and 363(f), of the Bankruptcy Code, the Assets shall be transferred to the Proposed Purchaser, in accordance with and to the extent provided in the Exchange, free and clear of all liens, claims, obligations, demands, guarantees, options, rights, contractual commitments, encumbrances and restrictions (collectively, the "Liens"), except as otherwise set forth in the Exchange and this Order, with all the same Liens released, terminated and discharged as to the Assets, but with all of the same Liens, to the extent not paid in full at closing, attaching to all the proceeds, property or other consideration received from the sale of the Assets, including, but not limited to, all wells on such property, such as the Wallace Wells (as defined in the Exchange Agreement and attached hereto as **Exhibit "B"**), in the order of the Liens' priority, with the same validity, force and effect which the Liens now have as against the Assets.[4]  If the proposed sale fails to close for any reason, then all Liens shall continue against the Assets unaffected by this Order.  Further, upon closing of this transaction, all such proceeds, property or other consideration received by the CDX Parties shall be subject to the replacement security interests and mortgages for the benefit of the First Lien Agent and First Lien Secured Parties and Second Lien Agent and Second Lien Lenders, in accordance with the adequate protection afforded in that certain "Second Amended Final Order (I) Authorizing the Debtors' Use of Cash Collateral of (A) The First Lien Agent, for and on Behalf of the Prepetition First Lien Secured Parties, and (B) The Second Lien Agent, for and on Behalf of the Prepetition Second Lien Lenders Pursuant to 11 U.S.C. §§ 105, 361 & 363(c) and (II) Granting Adequate Protection Pursuant to 11 U.S.C. § 361."

---

[4] The Debtors, First Lien Agent and Second Lien Agent are authorized to file such further documentation as necessary and appropriate to further evidence the liens granted herein, including as necessary filing an amended version of this order to attach the relevant description of any property received as consideration in this transaction.

Dallas 156494lv.5

7. Subject to the notice procedures required with regard to the Assumed Contracts, the Assumed Contracts are assumed as of the closing of the sale pursuant to Bankruptcy Code § 365 and assigned to the Proposed Purchaser. Accordingly, (a) the Assumed Contracts may be assumed by the CDX Parties and assigned to the Proposed Purchaser on the Closing Date; (b) the applicable cure amount shall be fixed at the amount set forth on **Exhibit "C"** attached hereto, notwithstanding anything to the contrary in any Assumed Contract or any other document; and (c) each Assumption Notice Party is hereby (i) deemed to have waived and released any right to assert an objection to the proposed assumption and assignment of the Assumed Contract and/or the cure amount with respect thereto, and to have otherwise consented to the assumption and assignment of the applicable Assumed Contract, and (ii) upon the payment of the applicable cure amount, if any, forever barred, permanently enjoined and estopped from asserting or claiming any other or further claims against the CDX Parties, their estates, the Proposed Purchaser, their respective successors and assigns, the Assets, or the property or assets of any or all such parties, with respect to such Assumed Contract or on grounds that any additional amounts are due or defaults exist, or conditions to assignment must be satisfied, under such Assumed Contract, except with respect to claims or defaults relating to revenues generated after the Petition Date but before the Closing Date and which remain unpaid to working interest owners as of the Closing Date or claims or defaults occurring wholly after the Closing Date.

8. Any provisions in the Assumed Contracts that prohibit or condition the assignment of such Assumed Contract or allow the non-Debtor party to such Assumed Contract to terminate, recapture, impose any penalty, condition on renewal or extension or modify any terms or conditions upon the assignment of such Assumed Contract, constitute unenforceable anti-assignment provisions that are void and of no force and effect. All other requirements and

conditions under §§ 363 and 365 of the Bankruptcy Code for the assumption by the CDX Parties and assignment to the Proposed Purchaser of the Assumed Contracts have been satisfied. Upon the Closing (as defined in the Exchange), in accordance with §§ 363 and 365 of the Bankruptcy Code, the Proposed Purchaser shall be fully and irrevocably vested with all right, title and interest of the CDX Parties under the Assumed Contracts.

9. To the extent there are no payments necessary under Bankruptcy Code §§ 365(b)(1) or 365(f)(2), the CDX Parties have satisfied the requirements of Bankruptcy Code §§ 365(b)(1) and Bankruptcy Code § 365(f)(2). Alternatively, to the extent there are defaults or sums due or owing on account of the Assumed Contracts, any and all amounts necessary to cure any defaults or to pay any actual or pecuniary losses will be paid either (i) by the Debtors for any amount having accrued on or before the Closing Date or (ii) by the Proposed Purchaser for any amount having accrued after the Closing Date at the closing of the sale or as directed by a further order of this Court which, prior to the closing of the sale, has become a final order and which was consented to by the Proposed Purchaser.

10. The Proposed Purchaser has provided adequate assurance of its future performance under the Assumed Contracts being assigned to it within the meaning of Bankruptcy Code §§ 365(b)(1)(C) and (f)(2)(B).

11. The Proposed Purchaser is not a successor to the CDX Parties or their respective estates by reason of any theory of law or equity and the Proposed Purchaser shall not assume any liability or obligation of the CDX Parties, fixed or contingent, disclosed or undisclosed (including, but not limited to, any liability or obligation arising from that certain Transaction Confirmation with Asset Risk Management, LLC dated as of March 10, 2009), or any liability for any liens, causes of action, claims (including, without limitation, claims arising or sounding

in tort, environmental claims and claims of taxing authorities all to the fullest extent allowed by applicable law), pending or threatened litigation, security interests, warranties, and interests of any kind, known or unknown, liquidated or unliquidated, whether now existing or arising in the future, debts of any kind or nature, all of which, if any, are retained by CDX Parties, except as otherwise expressly provided in the Exchange and this Order.

12. Except as expressly permitted or otherwise specifically provided by the Exchange or this Order, all persons and entities, including, but not limited to, all debt security holders, equity security holders, governmental, tax and regulatory authorities, lenders, trade and other creditors, holding interests of any kind or nature whatsoever against or in the CDX Parties or the Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to, the CDX Parties, the Assets, the ownership or operation of the Assets prior to the closing of the sale, or the sale of the Assets are forever barred, estopped, and permanently enjoined from asserting against Proposed Purchaser, its successors or assigns, its property, or the Assets following the sale, such persons' or entities' interests.

13. Each non-Debtor party to an Assumed Contract is hereby forever barred and estopped from (i) asserting against the CDX Parties or the Proposed Purchaser, their respective affiliates, successors, and assigns, or the property of any of them, any default arising prior to or existing as of the closing or, as against the Proposed Purchaser, any claim (including any counterclaim, defense, setoff or any other obligation) asserted or assertable against the CDX Parties as of the Closing Date except with respect to claims relating to revenues generated after the Petition Date but before the Closing Date and which remain unpaid to working interest owners as of the Closing Date; and (ii) imposing or charging against the Proposed Purchaser or

Dallas 1564941v.5

any of its affiliates any rent acceleration, assignment fees, increases or any other fees as a result of the CDX Parties' assumption and assignment to the Proposed Purchaser of the Assumed Contracts. The validity and enforceability of such assumption and assignment of the Assumed Contracts shall not be affected by any dispute between CDX Parties and any non-Debtor party to an Assumed Contract.

14. ∧ The parties represented that the transfer of the Assets to the Proposed Purchaser and the related transactions to be consummated in accordance with the Exchange constitute a good faith transaction entitled to the protections afforded by section 363(m) of the Bankruptcy Code in the event of a reversal or modification on appeal of this Order.

15. The sale of the Assets to the Proposed Purchaser is not subject to avoidance pursuant to § 363(n) of the Bankruptcy Code.

16. All entities that are in possession of some or all of the Assets on the Closing Date are directed to surrender possession of such Asset to the Proposed Purchaser at Closing.

17. If any person or entity which has filed statements or other documents or agreements evidencing encumbrances on, or interests in, the Assets shall not have delivered to the CDX Parties prior to the Closing, a proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and other documents necessary for the purpose of documenting the release of all encumbrances which the person or entity has or may assert with respect to the Assets, the CDX Parties and/or the Proposed Purchaser are hereby authorized to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Assets.

18. No bulk sales laws or any similar laws of any state or other jurisdiction applies in any way to this proposed transaction.

Dallas 156494lv.5

19. This Court retains ~~exclusive~~ jurisdiction: (i) to enforce and implement the terms and provisions of the Exchange, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith; (ii) to compel delivery of the Assets to the Proposed Purchaser; (iii) to resolve any disputes arising under or related to the Exchange and related agreements, except as otherwise provided therein; (iv) to enjoin the assertion of any claims, liens, interests or encumbrances against the Proposed Purchaser or the Assets, and (v) to interpret, implement and enforce the provisions of this Order.

20. The Exchange and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto in accordance with the terms thereof without further order of the Court, provided that any such modification, amendment or supplement is not material.

21. Notwithstanding Bankruptcy Rule 6004(g), and as provided by Bankruptcy Rule 7062, this Order shall be effective and enforceable immediately upon entry.

22. The CDX Parties or the Proposed Purchaser and any agent or representative of either of them, are each hereby authorized and empowered to serve upon all filing and recording officers a notice when filing or recording any instruments of transfer (including, without limitation, licenses, deeds, leases, and assignments, modifications and terminations of leases) in accordance with this Order and the Exchange to evidence and implement this paragraph of this Order. All filing and recording officers are hereby directed to accept, file and record all instruments of transfer including, without limitation, deeds, leases, and assignments, modifications and terminations of leases (if any) to be filed and recorded pursuant to and in accordance with this Order or the Exchange and the various documents related thereto, without the payment of any such taxes. The Court retains jurisdiction to enforce this direction.

23. Each and every federal, state, and local governmental agency or department shall be, and hereby is, directed to accept any and all documents and instruments necessary and appropriate to consummate the transaction contemplated by the Exchange, including, without limitation, documents and instruments for recording in any governmental agency or department required to transfer to the Proposed Purchaser the names and any and all other licenses or permits under the CDX Parties' ownership necessary for the operations that are associated with the Assets.

24. The terms and provisions of the Exchange and this Order shall be binding in all respects upon, and shall inure to the benefit of the Proposed Purchaser, CDX Parties, CDX Parties' estates, and their successors and assigns, and any party acting in whole or in part by or through the Proposed Purchaser, CDX Parties, CDX Parties' estates or their successors or assigns, including any trustee that may be appointed in these cases or any superseding cases under chapter 7 of the Bankruptcy Code. Nothing contained in any chapter 11 plan confirmed in these Cases or the confirmation order confirming any plan shall conflict with or derogate from the provisions of the Exchange or this Order.

25. This Court shall retain ~~exclusive~~ jurisdiction to determine any claims, disputes or causes of action arising out of or relating to this Order, the Exchange or any of the transactions contemplated under the Exchange.

DATED: ___JUL - 1 2009___, 2009.

                                   _____
                                   HONORABLE LETITIA Z. PAUL,
                                   UNITED STATES BANKRUPTCY JUDGE

Dallas 1564941v.5

Agreed as to form and substance:

**VINSON & ELKINS L.L.P.**

By: /s/ *L. Prentiss Cutshaw*
Harry A. Perrin, SBT #1579800
John E. West, SBT #21202500
Ginny A. Maslin, SBT #24055918
First City Tower
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Tel: 713.758.2222
Fax: 713.758.2346
hperrin@velaw.com
jwest@velaw.com
gmaslin@velaw.com

-and-

John E. Mitchell, SBT #00797095
Prentiss Cutshaw, SBT #24059639
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201
Tel: 214.220.7700
Fax: 214.999.7787
jmitchell@velaw.com
pcutshaw@velaw.com

**ATTORNEYS FOR THE DEBTORS**

**MAYER BROWN, LLP**

By: /s/ *Charles Kelley*
Charles Kelley
Sean Scott
700 Louisiana, Suite 3400
Houston, TX 77002-2730
Tel: 713.238.2634
Fax: 713.238.4634
ckelley@mayerbrown.com

**ATTORNEYS FOR FIRST LIEN AGENT**

Dallas 1564941v.5

**AKIN GUMP STRAUSS HAUER FELD LLP**

By: _/s/ Scott Alberino_
Scott Alberino (admitted *pro hac vice*)
Joshua Sturm (admitted *pro hac vice*)
1333 New Hampshire Avenue, N.W.
Washington D.C. 20036
Tel: 202.887.4027
Fax: 202.887.4288
salberino@akingump.com

**ATTORNEYS FOR SECOND LIEN AGENT**

Dallas 156494lv.5